## STATE OF MISSISSIPPI v. GEORGE W. HUGHES.

[51 South. 464.]

1. CRIMINAL LAW AND PROCEDURE. *Embezzlement. Jurisdiction. Two or more counties. Where prosecution first begun. Code 1906, § 1406. Binding over to answer crime.*

Where a crime may be prosecuted in two or more counties, under Code 1906, § 1406, providing that where an offense is committed partly in one county and partly in another, or where the acts, effects, means or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which the offense was commenced, prosecuted, or consummated, where prosecution shall be first begun:—

(a) The commencement of a prosecution therefor in a competent court of one of the counties excludes the jurisdiction of the courts of the other or others; and

(b) A prosecution is commenced by recognizing an offender to answer an indictment for the offense, although the grand jury fail to indict him therefor.

2. SAME. *Same. Code 1906, § 1402. Venue.*

The beginning of a prosecution for embezzlement in either of the counties in which the offense may be prosecuted definitely and exclusively fixes the venue in that county, although Code 1906, § 1402, provides that the crime may be prosecuted either in the county where the money or property, or some part thereof, may have been received, or where the party charged was under obligation to pay over the funds or restore the property embezzled.

FROM the circuit court of, first district, Hinds county.

HON. WILEY H. POTTER, Judge.

Hughes, appellee, indicted for embezzlement, pleaded to the jurisdiction of the court. His plea was sustained and he was discharged. The state appealed to the supreme court. The facts are stated in the opinion of the court.

*Teat & Teat,* and *George Butler,* assistant attorney-general, for appellant.

It is evident that the concurrent jurisdiction conferred upon the courts of the several counties is to bring the offender to trial upon the merits of the case, and only one trial can be had, thus giving to society the fullest protection of the criminal law and at the same time by Code 1906, § 1409, the defendant is equally as well protected in his constitutional rights.

The *Coleman case* differs very materially from the case at bar, and particularly in this respect, that a prosecution was commenced as required by section 27 of the constitution of Mississippi, by indictment by the grand jury of Quitman county, and the case at bar while the state made an effort to vest the Attala circuit court with jurisdiction, and exclusive jurisdiction, and appeared before the said grand jury with the witness, J. A. Porter, but said grand jury neglected to indict or declined to indict. The state voluntarily divested the circuit court of Quitman county of its jurisdiction in the *Coleman case,* and in the case at bar the state made its *bona fide* effort to invest the circuit court of Attala county with jurisdiction.

Can it be said that a prosecution is begun by an affidavit before a justice of the peace and the justice of the peace binding over the offender so as to give the circuit court of that county the exclusive jurisdiction of the cause? No act is done by the circuit court to acquire jurisdiction, no judgment can be rendered by the committing court of the justice of the peace which can be pleaded under Code 1906, § 1415, and if it should be in-

sisted that said sec. 1415 defines what constitutes "a commence-
ment of a prosecution" we insist that this section is written
for the express purpose of enlarging or favoring jurisdiction
and is not intended to be construed with the idea or purpose of
exclusive jurisdiction  The clause in said section "within the
meaning of the last preceding section" refers of course to the
statute of limitations generally and does not refer to said sec-
tions 1402, 1404, 1405, 1406, 1407, and 1408. If this had
been the meaning of the same, that clause would not have been
inserted. "A commencement of a prosecution" is therefore
understood to mean, as written in said section 27 of the con-
stitution of Mississippi, by indictment.

*Williamson & Wells,* for appellee.

When the affidavit was made before the justice of the peace,
he heard the case and bound over Hughes to answer to the
circuit court of Attala county, and the grand jury, which is a
part of that court, for criminal prosecutions, took jurisdiction
and cognizance of the matter, investigated it, and refused to
indict, and the prisoner was discharged, together with his bonds-
man from and further liability.  This is unquestionably a com-
mencement of a prosecution in Attala county.  It gave the
circuit court there jurisdiction of the case and the refusal of.
the grand jury to indict, after investigation, would amount to
the same thing as if the grand jury did indict and the circuit
court *nol prossed* the case, and then another prosecution would
be started in Hinds county.

The facts in this case bring it directly under the law as laid
down in the case of *Coleman v. State,* 83 Miss. 290, 39 South.
937, where this court distinctly decides that the circuit court
of one county cannot *nol pros* a case of which it had jurisdic-
tion and thereby give jurisdiction to another county that had
concurrent jurisdiction of the case in the beginning.

MAYES, J., delivered the opinion of the court.

This is an appeal prosecuted on behalf of the state. It appears that one George W. Hughes was charged with embezzling certain funds belonging to the Jackson Cotton Oil Company, of Jackson, Hinds county, Miss. The charge was made in an affidavit before one C. W. Brooks, a justice of the peace of Attala county, the place where the actual embezzlement is charged to have occurred, and where Hughes then lived. A warrant was issued on this affidavit, and Hughes arrested thereunder, and a committing trial had before the justice of the peace, resulting in the justice binding over Hughes, under bond, to appear at the next term of the circuit court to answer any charge that might be preferred by the grand jury. When court convened in Attala county, the grand jury failed or refused to indict, and Hughes was liberated from the bond, whereupon Hughes was subsequently indicted in the circuit court of Hinds county, under section 1402, Code 1906, which provides that, when an embezzlement is committed, it may be prosecuted either in the county in which the money or property, or some part thereof, was received or converted, or in the county in which the party charged was under obligation to pay over the funds or property embezzled. When the case was called for trial in the circuit court of Hinds county, several pleas were filed by Hughes, the purport of which was to set up the fact the Hinds county court was without jurisdiction to prosecute the cause, for the reason that a prosecution for the same offense had already commenced in another county, thus taking from the Hinds county court any right it may have had to acquire any jurisdiction of the offense.

Under section 1406, Code 1906, it is provided that "when an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either

county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun." It will be seen that the sole question presented is: Was the affidavit before the justice of the peace, followed by the issuance of a warrant for the arrest of Hughes and a committal trial, binding him over under bond to answer any charge by indictment at the next term of the circuit court, the "commencement of a prosecution," within the meaning of the law, so as to give the Attala court exclusive jurisdiction, when it subsequently appears that no indictment was returned? In short, in order to constitute the "commencement of a prosecution" for felony, must there be an indictment before the courts of the county in which the prosecution is begun shall have exclusive jurisdiction? The trial court thought not, sustained the pleas, and discharged the defendant, and in so doing, we think, rendered a correct judgment.

The question in this case was practically settled by the case of *Coleman v. State,* 83 Miss. 290, 35 South. 937, 64 L. R. A. 807. It is true that the question in that case is not identical with this; but the principle is the same. In the *Coleman case* the question arose on an indictment by a grand jury, and in this case it is upon an affidavit charging a felony in a committing court, followed by the failure of the grand jury to indict; but clearly there was a "commencement of the prosecution" in Attala county in every true sense, and that county alone has jurisdiction. The question is the same, whether it arises upon an affidavit or indictment, and it is not necessary that the court in which it commences shall have full jurisdiction to finally dispose of the charge. The policy of our statute in regard to this is clearly outlined in section 1415 of the Code, which provides that "a prosecution may be commenced * * * by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, as well as by indictment or affidavit." It is seen that this sec-

tion makes no distinction between an indictment and an affidavit. It is quite true that this particular section is dealing with the question as to what shall be considered the commencement of a prosecution when the statute of limitations is sought to be invoked ·as a bar; but it shows the policy of the law, and is equally applicable to determine whether or not a prosecution has been "commenced" in one county, so as to preclude jurisdiction in another, when the offense charged is one of which one or more counties may have jurisdiction.

We approve the judgment of the court below.

*Affirmed.*